Citation Nr: 1434280 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 08-21 553 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to a rating in excess of 10 percent for bilateral hearing loss from September 28, 2007. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

S. J. Janec, Counsel



INTRODUCTION

The Veteran served on active duty from October 1965 to September 1967.

This matter comes before the Board of Veterans' Appeals (Board) from an August 2007 rating decision of the Winston-Salem, North Carolina, Regional Office (RO) of the Department of Veterans Affairs (VA) that granted service connection for bilateral hearing loss and assigned a 0 percent rating effective November 8, 2006. The Veteran appealed for a higher initial rating. 

The Board remanded the case for further development in October 2009. In a March 2010 rating decision, the RO granted a 10 percent rating for bilateral hearing loss, effective September 28, 2007. In a December 2013 decision, the Board denied entitlement to an initial compensable rating for bilateral hearing loss prior to September 28, 2007, and remanded the issue of entitlement to an initial rating in excess of 10 percent for bilateral hearing loss from September 28, 2007 for additional development. 

The requested development has been accomplished and the Board will proceed with appellate review. Stegall v. West, 11 Vet. App. 268 (1998). 


FINDING OF FACT

From September 28, 2007, audiometric findings show that the Veteran had no worse than Level V hearing acuity in his right ear and no worse than Level V hearing acuity in his left ear, and hospitalization or marked interference with employment due to bilateral hearing loss have not been demonstrated. 


CONCLUSION OF LAW

The criteria for an initial rating in excess of 10 percent for bilateral hearing loss have not been met during the appeal period, including on an extraschedular basis. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.159, 3.321, 4.1, 4.2, 4.7, 4.10, 4.85, 4.86, Diagnostic Code 6100 (2013). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

Upon receipt of a substantially complete application, VA must notify the claimant and any representative of any information, medical evidence, or lay evidence not previously provided to VA that is necessary to substantiate the claim. The notice must: (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence the claimant is expected to provide. 38 U.S.C.A. §§ 5103, 5103A, 5107 (West 2002 & Supp. 2013); 38 C.F.R. § 3.159 (2013); Pelegrini v. Principi, 18 Vet. App. 112 (2004). If VA does not provide adequate notice of any of element necessary to substantiate the claim, or there is any deficiency in the timing of the notice, the burden is on the claimant to show that prejudice resulted from a notice error, rather than on VA to rebut presumed prejudice. Shinseki v. Sanders, 129 S. Ct. 1696 (2009). 

The Board finds that any defect with regard to the timing or content of the notice is harmless because of the thorough and informative notices provided throughout the adjudication and because the Veteran had a meaningful opportunity to participate effectively in the processing of the claim with an adjudication of the claim by the RO subsequent to receipt of the required notice, including most recently in a September 2013 supplemental statement of the case. The record does not show prejudice to the Veteran, and the Board finds that any defect in the timing or content of the notices has not affected the fairness of the adjudication. Mayfield v. Nicholson, 19 Vet. App. 103 (2005); Dingess v. Nicholson, 19 Vet. App. 473 (2006). Specifically, the Veteran was provided appropriate notice both prior and subsequent to the rating decisions, including in letters dated in December 2006, May 2007, and October 2009. Moreover, the Veteran's appeal of the initial rating assigned for the disability is a downstream matter following the initial grant of service connection. Therefore, the claim for service connection has been substantiated and additional notice is not required. 38 C.F.R. § 3.159(b)(3) (2013); Hartman v. Nicholson, 483 F.3d. 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). 

The Board also finds that the duty to assist requirements have been fulfilled. All relevant, identified, and available evidence has been obtained. The appellant has not referred to any additional, unobtained, relevant, available evidence. VA has obtained examinations with respect to the claim on appeal that include the information necessary to rate the Veteran's disability relevant to the rating criteria. Nieves-Rodriguez v. Peake, 22 Vet App 295 (2008). The Board finds that VA has satisfied the duty to assist, and no further notice or assistance to the appellant is required to fulfill VA's duty to assist in the development of the claims. Smith v. Gober, 14 Vet. App. 227 (2000); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); Quartuccio v. Principi, 16 Vet. App. 183 (2002). 

Increased Initial Ratings

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities. 38 C.F.R. Part 4 (2013). The Schedule is primarily a guide in the rating of disability resulting from all types of diseases and injuries encountered as a result of or incident to military service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C.A. § 1155 (West 2002); 38 C.F.R. § 4.1 (2013). 

In considering the severity of a disability, it is essential to trace the medical history of the Veteran. 38 C.F.R. §§ 4.1 , 4.2, 4.41 (2013). Consideration of the whole recorded history is necessary so that a rating may accurately compensate the elements of disability present. 38 C.F.R. § 4.2 (2013); Peyton v. Derwinski, 1 Vet. App. 282 (1991). Although the regulations do not give past medical reports precedence over current findings, the Board is to consider the Veteran's medical history in determining the applicability of a higher rating for the entire period in which the appeal has been pending. Powell v. West, 13 Vet. App. 31 (1999). 

Where an increase in the disability rating is at issue, the present level of the veteran's disability is the primary concern. Francisco v. Brown, 7 Vet. App. 55 (1994). However, consideration must be given as to whether staged ratings should be assigned to compensate entitlement to a higher rating at any point during the pendency of the claim. When the evidence contains factual findings that demonstrate distinct time periods in which the service-connected disability exhibited diverse symptoms meeting the criteria for different ratings during the course of the appeal, the assignment of staged ratings would be necessary (as has already been done in this case). Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). The analysis in the following decision is undertaken with consideration of the possibility that different ratings may be warranted for different time periods for the disability at issue. 

Where there is a question as to which of two rating is to be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7 (2013). After careful consideration of the evidence, any reasonable doubt remaining should be resolved in favor of the veteran. 38 C.F.R. §§ 3.102, 4.3 (2013). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996). 

The criteria for rating hearing impairment call for the consideration of the results of examinations using controlled speech discrimination tests (Maryland CNC) with the results of puretone audiometry tests. The results are charted on Table VI and Table VII, as set forth in the Rating Schedule. In order to establish entitlement to a higher rating for hearing loss, it must be shown that certain minimum levels of the combination of the percentage of speech discrimination loss and average puretone decibel loss are met. 38 C.F.R. § 4.85 (2013). 

Hearing tests will be conducted without hearing aids. When the puretone threshold at 1000, 2000, 3000, and 4000 Hertz are each 55 decibels or more, or when the puretone threshold is 30 decibels or less at 1000 Hertz, and 70 decibels or more at 2000 Hertz, those exceptional patterns of hearing require different methods of rating. 38 C.F.R. § 4.86 (2013). 

On VA audiological examination on September 28, 200, the Veteran's audiometric evaluation results, in decibels, were: 





HERTZ



500
1000
2000
3000
4000
RIGHT
25
40
55
55
60
LEFT
25
40
60
60
65

The average pure tone threshold in the right ear was 52.5 decibels and in the left ear was 56.25 decibels. Speech discrimination ability was not assessed using the Maryland CNC test. 

On VA audiological examination in February 2010, the Veteran's audiometric evaluation results, in decibels, were: 





HERTZ



500
1000
2000
3000
4000
RIGHT
25
40
55
55
60
LEFT
25
40
60
65
65

The average pure tone threshold in the right ear was 57.5 decibels and in the left ear was 52.5 decibels. Speech discrimination ability was 72 percent in the right ear and 78 percent in the left ear. The examiner diagnosed normal to moderately severe bilateral hearing loss and tinnitus. 

On VA audiological examination in March 2014, the Veteran's audiometric evaluation results, in decibels, were: 







HERTZ



500
1000
2000
3000
4000
RIGHT
30
45
60
65
65
LEFT
30
45
60
65
70

The average pure tone threshold in the right ear was 59 decibels and in the left ear was 60 decibels. Speech discrimination ability was 76 percent in the right ear and 70 percent in the left ear. The examiner diagnosed bilateral hearing loss and tinnitus. 

The findings on the Veteran's audiometric studies in February 2010 and March 2014 correlate to a designation of level IV or V hearing in the right ear and level IV or V hearing in the left ear (including based on Table VIA). Those results, when applied to Table VII, provide for a 10 percent under Diagnostic Code 6100 when those levels of hearing are demonstrated. 38 C.F.R. § 4.85, Table VII (2013). No exceptional pattern of hearing loss is shown requiring any other method of rating. A more severe level of hearing loss has not been clinically demonstrated during the appeal period. Consequently, the clinical evidence shows that the Veteran is not entitled to an initial rating in excess of 10 percent for bilateral hearing at any time during the appeal period being considered in this decision. 

The Board is sympathetic to the Veteran's assertions that his level of hearing loss is more severely disabling, particularly with regard to difficulty hearing people speak, and that he should be compensated accordingly. However, disability ratings for hearing impairment are derived by a mechanical application of the rating schedule to the numeric designations assigned after audiometric evaluations are rendered. Lendenmann v. Principi, 3 Vet. App. 345 (1992). Here, a mechanical application of the rating schedule results in a 10 percent rating under Diagnostic Code 6100 during the appeal period. To the extent that he may argue or suggest that the clinical data supports an increased disability rating or that the rating criteria should not be employed, he is not competent to make that assertion. Kahana v. Shinseki, 24 Vet. App. 428 (2011); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007) (lay persons not competent to diagnose cancer). 

Ordinarily, VA's Schedule will apply unless there are exceptional or unusual factors that would render application of the schedule impractical. Fisher v. Principi, 4 Vet. App. 57 (1993). Consideration of the assignment of an extraschedular rating may be warranted where there is a finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization that would render impractical the application of the regular schedular standards. 38 C.F.R. § 3.321(b)(1) (2013). 

The evidence in this case does not show such an exceptional disability picture such that the available schedular ratings for service-connected hearing loss are inadequate. The rating criteria reasonably describe the Veteran's disability level and symptomatology due to his service-connected hearing loss. The Veteran has not exhibited symptoms of his disability that are not contemplated in the rating criteria. There are higher ratings available for hearing loss, but the Veteran does not meet the criteria for those ratings. Frequent hospitalization is not shown. Therefore, the Board finds that referral for consideration of an extraschedular rating is not warranted. 38 C.F.R. § 3.321(b)(1) (2013). 

Accordingly, the Board concludes that the preponderance of the evidence is against the claim for a rating in excess of 10 percent for bilateral hearing loss from September 28, 2007, including on an extraschedular basis, and the claim must be denied. 38 U.S.C.A. § 5107(b) (West 2002); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 


ORDER

A rating in excess of 10 percent for bilateral hearing loss from September 28, 2007, is denied. 


____________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs