Citation Nr: 1826239 
Decision Date: 04/27/18 Archive Date: 05/07/18

DOCKET NO. 12-25 257 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUES

1. Entitlement to service connection for vertigo, including as secondary to a service-connected disability.

1. Entitlement to an increased initial rating for service-connected diabetes mellitus, type II, currently evaluated as 20 percent disabling.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Alexia E. Palacios-Peters, Associate Counsel



INTRODUCTION

The Veteran served on active duty from November 1961 to September 1964.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a September 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky that, in pertinent part, denied service connection for vertigo and granted service connection and assigned a 20 percent rating for type II diabetes mellitus.

A notice of disagreement (NOD) was received in October 2011, a statement of the case (SOC) was issued in August 2012, and a substantive appeal (VA Form 9) was received in September 2012. A supplemental statement of case was issued in April 2013.

In April 2015, the Board previously remanded these claims for further development. That development having been completed, the case has returned to the Board for further action. 


FINDINGS OF FACT

1. The Veteran's benign paroxysmal positional vertigo did not manifest in service, is not related to any event or incident of his active service, and was not caused or aggravated by his service-connected disabilities.

2. The Veteran's diabetes mellitus requires the daily use of an oral hypoglycemic agent and a restricted diet, but the objective evidence does not show that his diabetes requires regulation of activities and insulin.



CONCLUSIONS OF LAW

1. Vertigo was not incurred in or aggravated by active military service, and is not proximately due to, the result of, or aggravated by a service-connected disability. 38 U.S.C. §§ 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2017).

2. The criteria for an increased rating in excess of 20 percent for diabetes mellitus type II have not been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 4.1, 4.2, 4.3, 4.7, 4.119, Diagnostic Code (DC) 7913 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VCAA

The notice requirements for the appeal regarding the rating reduction for prostate cancer will be addressed in further detail below. Regardless, neither the Veteran nor his attorney has raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board"); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

Service Connection - vertigo

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a).

To establish entitlement to VA disability compensation, a Veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. See, e.g., Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 U.S.C. § 1113 (b); 38 C.F.R. § 3.303(d).

Service connection may also be established on a secondary basis for a disability which is shown to be proximately due to, the result of, or chronically aggravated by, a service-connected disease or injury. 38 C.F.R. § 3.310(a). For secondary service connection to be granted, generally there must be (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) medical nexus evidence establishing a connection between the service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

Regarding the first element of direct and secondary service connection, the Veteran has a current diagnosis of benign paroxysmal positional vertigo (BPPV). See February 2017 VA Examination. Additionally, the Veteran is service connected for coronary artery disease, diabetes mellitus with erectile dysfunction and microalbuminuria, peripheral neuropathy of the lower extremities, bilateral hearing loss, and tinnitus. Therefore, the first element of direct service connection is established, as well as the first two elements of secondary service connection, for this claim.

Turning to the second element of direct service connection, in-service incurrence of a disease or injury, the Veteran does not report, nor do his service treatment records (STRs) identify any complaint, finding, or treatment pertaining to dizziness or vertigo. Moreover, the Veteran denied all other significant illnesses or injuries at his separation examination in August 1964. Thus, contrary to the Veteran's contentions, the STRs do not show that symptoms of vertigo, including dizziness, were manifested during service.

Moreover, vertigo or dizziness is first documented in 1999, after the Veteran suffered a cerebral vascular accident (CVA). See February 1999 Private Treatment Records. Private treatment records in January 1999 show the Veteran started feeling sick to his stomach and had vertigo. The Veteran reported he had a sudden onset of severe dizziness and that he was independent with all mobility prior to this illness. See Social Security Administration Records. In February 1999, the Veteran was status post CVA and experienced dizziness. See February 1999 Private Treatment Records. VA treatment records show the Veteran experienced dizziness around June 2008. See September 2008 VA Treatment Records. Wax was removed from his ears which resolved the dizziness. Id. VA treatment records in January 2012, February 2012, and July 2017 show the Veteran was negative for vertigo. In sum, this medical evidence shows a post service onset of symptoms of dizziness and vertigo as early as 1999, but does not indicate that such symptoms or any diagnosis of vertigo has a causal connection or was associated with the Veteran's active military service. Hence, direct service connection for vertigo is not warranted.

Turning next to secondary service connection, the record evidence shows that the Veteran was afforded VA examinations in March 2013 and February 2017. Both VA examiners opined the Veteran's vertigo was less likely than not proximately due to or the result of Veteran's service connected conditions. See March 2013 VA Examination; February 2017 VA Examination. The Veteran related that his vertigo began in association with a stroke in 1999. See March 2013 VA Examination. The Veteran's diabetes mellitus began sometime around 2006 and his heart condition was diagnosed in 2003. Id. The March 2013 examiner reasoned that both the diabetes mellitus and heart condition were substantially pre-dated by the vertigo, rendering a causal relationship impossible. Id. Additionally, the examiner stated that hearing loss is not generally associated with BPPV and therefore a causal relationship between hearing loss and BPPV appears less likely than not. Id.

The February 2017 examiner stated the Veteran's BPPV is less likely than not proximately due to or the result of the Veteran's service connected condition. The examiner reasoned that the Veteran had a diagnosis and treatment of vertigo proximate to 1999 after having a cerebral vascular accident. See February 2017 VA Examination. The CVA/stroke occurred in the right basal ganglia and afterwards, the Veteran was diagnosed as well as treated for vertigo for several years with medication. Id. The examiner stated the neuroanatomy of the Veteran's stroke, affecting the right basal ganglia, has been associated with vertigo and dizziness as part of the "balance/vestibular" pathways involving the basal ganglia. Id. The examiner opined it is very likely that the disability is causally related to the Veteran's 1999 basal ganglia stroke. Id.

The February 2017 examiner stated that coronary artery disease, type II diabetes mellitus with erectile dysfunction and microalbuminuria, peripheral neuropathy of the lower extremities, bilateral hearing loss, and tinnitus are not associated with either causing or aggravating vertigo as they do not directly affect the vestibular mechanism of the ear or of the neuropathways of the vestibular mechanism. Id. Therefore, the February 2017 VA examiner opined the Veteran's vertigo is less likely as not related to or incurred due to a service-connected disability and is not caused or permanently aggravated by his service-connected disabilities. Id.

In view of foregoing, the Board finds the March 2013 and February 2017 VA opinions, regarding secondary service connection, are probative and are supported by sufficient rationales. While the Veteran is competent to describe his symptoms and their onset, his statement is not sufficient evidence to show a nexus between his dizziness and vertigo and any of his service-connected conditions, because here causation of vertigo, including dizziness, falls outside of the realm of knowledge of a lay person. Kahana v. Shinseki, 24 Vet. App. 428, 425 (2011); Jandreau v. Nicholson, 429 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). His statement regarding the condition's etiology is of limited probative value because this determination involves a complex medical question. Id. Because the preponderance of the evidence is against claim, service connection on a secondary basis must be denied.

Increased rating - diabetes mellitus, Type II

Service-connected disorders are rated by comparing signs and symptoms with criteria in separate Diagnostic Codes (DC) which identify various disabilities listed in VA's Schedule for Rating Disabilities, based on average impairment in earning capacity. 38 U.S.C. § 1155. Disabilities are viewed historically and examination reports are interpreted in light of the history, reconciling the report into a consistent picture to accurately reflect the elements of the disability present. 38 C.F.R. §§ 4.1, 4.2. In considering the severity of a disability, it is essential to trace the medical history of the veteran. 38 C.F.R. §§ 4.1, 4.2, 4.41. Consideration of the whole-recorded history is necessary so that a rating may accurately reflect the elements of any disability present. 38 C.F.R. § 4.2; Peyton v. Derwinski, 1 Vet. App. 282 (1991).

Although the regulations do not give past medical reports precedence over current findings, the Board is to consider the Veteran's medical history in determining the applicability of a higher rating for the entire period in which the appeal has been pending. Powell v. West, 13 Vet. App. 31, 34 (1999). Where entitlement to compensation has already been established and an increase in the disability rating is at issue, the present level of disability is of primary concern. Francisco v. Brown, 7 Vet. App. 55 (1994). Separate ratings may be assigned either initially or during any appeal for an increased rating for separate periods of time based on facts found, a practice known as "staged ratings." Hart v. Mansfield, 21 Vet. App. 505, 509-510 (2007) (staged ratings during the appeal of any increased rating claim); see also Fenderson v. West, 12 Vet. App. 119, 126 (1999).

When there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. When after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability such doubt will be resolved in the favor of the claimant. 38 C.F.R. § 4.3.

DC 7913 provides for ratings based on diabetes mellitus. A 40 percent rating is warranted for diabetes mellitus requiring insulin, restricted diet, and regulation of activities. A 60 percent disability rating requires insulin, restricted diet, and regulation of activities with episodes of ketoacidosis or hypoglycemic reactions requiring one or two complications that would not be compensable if separately rated. A 100 percent disability rating requires more than one daily injection of insulin, restricted diet, and regulation of activities (avoidance of strenuous occupational and recreational activities) with episodes of ketoacidosis or hypoglycemic reactions requiring at least three hospitalizations per year or weekly visits to a diabetic care provider, plus either progressive loss of weight and strength or complications that would be compensable if separately evaluated. 38 C.F.R. § 4.119, DC 7913 (2017). 

Initially, the Board notes that restrictions of activities due to diabetes mellitus must be objectively confirmed. See Camacho v. Nicholson, 21 Vet. App. 360, 265 (2007). The pertinent inquiry, therefore, is whether there is objective and probative evidence that the Veteran's diabetes mellitus requires restricted activities warranting an increased rating.

VA treatment records from April 2012 show the Veteran received a nutritional consultation. In May 2012, the Veteran started insulin injections on May 18, 2012 and stopped the injections on August 25, 2012. The Veteran's diabetes mellitus was well controlled with the present medications in June 2014. In January 2015, VA treatment records note the Veteran did not follow a diabetic diet.

April 2016 VA treatment records show the Veteran had prescriptions for metformin and gliptizide. In February 2017, treatment notes show the doctor wanted to start insulin and placed a dietary consultation. The Veteran attended nutritional consultation in February 2017. March 2017 VA treatment records show the Veteran was controlling his blood sugar on glipizide. VA treatment notes show the Veteran had no hospitalizations or emergency room visits. See July 2017 VA Treatment Records.

October 2017 VA treatment records state the Veteran needs to start insulin. The Veteran reported in November 2017 that if he goes on insulin, he would not be able to work. See November 2017 VA Treatment Records.

The Veteran was afforded a VA examination in January 2013. The VA examiner noted the Veteran's diabetes mellitus was managed by a restricted diet and a prescribed oral hypoglycemic agent. See January 2013 VA Examination. There was no regulation of activities for the Veteran's diabetes mellitus, visits to the diabetic provider were less than two times per month, no hospitalizations, and no loss of weight or strength was attributable to the diabetes mellitus. Id.

Based on the evidence of record, the Veteran's diabetic condition does not warrant a rating greater than 20 percent pursuant to DC 7913. Although the Veteran's diabetes requires a restricted diet, the evidence does not indicate daily insulin or a restriction of activities or frequent hospitalizations due to hypoglycemic reaction or ketoacidosis. The VA examination findings show that the Veteran does not have restricted activities due to the diabetes or hospitalizations due to ketoacidosis or hypoglycemic reactions. As the record before the Board does not show evidence of restricted activity, ketoacidosis, hypoglycemic reaction, additional periods of hospitalization, or bimonthly treatment visits, an increased rating in excess of 20 percent is not warranted.

Accordingly, the preponderance of the evidence is against assignment of an increased disability rating for the Veteran's service-connected diabetes mellitus for any period on appeal.


ORDER

Entitlement to service connection for vertigo, including as secondary to a service-connected disability, is denied.

Entitlement to an increased initial rating for the service-connected diabetes mellitus, type II, currently evaluated as 20 percent disabling, is denied.



____________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs