Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 200504-81589
DATE: June 30, 2021

ORDER

Entitlement to an initial compensable evaluation for residual scar of the left knee is denied. 

FINDING OF FACT

The Veteran's left knee scar covers less than 6 square inches, is not painful or unstable, and has no other functional limitations.

CONCLUSION OF LAW

The criteria for a compensable rating for left knee scarring have not been met. 38 U.S.C. § 1155, 5107; 38 C.F.R. § 3.102, 4.3, 4.118, Diagnostic Codes (DC) 7801-7802, 7804.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. This decision has been written consistent with the new AMA framework. 

The Veteran had active service from July 1971 to July 1974. 

The rating decision on appeal was issued in April 2020. The Veteran timely appealed this rating decision to the Board and requested the AMA Direct Review Lane.

1. Entitlement to a compensable evaluation for residual scar of the left knee is denied. 

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Schedule), found in 38 C.F.R. Part 4 (2017). The Schedule is primarily a guide in the evaluation of disability resulting from all types of diseases and injuries encountered as a result of or incident to military service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. When reasonable doubt arises as to the degree of disability, such doubt will be resolved in the Veteran's favor. 38 C.F.R. § 4.3.

In considering the severity of a disability, it is essential to trace the medical history of the Veteran. 38 C.F.R. §§ 4.1, 4.2, 4.41 (2017). Consideration of the whole-recorded history is necessary so that a rating may accurately reflect the elements of any disability present. 38 C.F.R. § 4.2; Peyton v. Derwinski, 1 Vet. App. 282 (1991). Although the regulations do not give past medical reports precedence over current findings, the Board is to consider the Veteran's medical history in determining the applicability of a higher rating for the entire period in which the appeal has been pending. Powell v. West, 13 Vet. App. 31, 34 (1999).

Where entitlement to compensation has been established and an increase in the disability rating is at issue, the present level of disability is of primary concern. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). Where an appeal is based on an initial rating for a disability, however, evidence contemporaneous with the claim and the initial rating decision are most probative of the degree of disability existing when the initial rating was assigned and should be the evidence "used to decide whether an original rating on appeal was erroneous." Fenderson v. West, 12 Vet. App. 119, 126 (1999). In either case, if later evidence indicates that the degree of disability increased or decreased following the assignment of the initial rating, staged ratings may be assigned for separate periods of time. Fenderson, 12 Vet. App. at 126; Hart v. Mansfield, 21 Vet. App. 505 (2007) (noting that staged ratings are appropriate whenever the factual findings show distinct time periods in which a disability exhibits symptoms that warrant different ratings). When adjudicating a claim for an increased initial evaluation, the relevant time period is from the date of the claim. Moore v. Nicholson, 21 Vet. App. 211, 215 (2007), rev'd in irrelevant part, Moore v. Shinseki, 555 F.3d 1369 (2009). Here, that date is August 2, 2019.

The Veteran seeks an increased evaluation for his service-connected scar disability. The Board finds that a higher rating is not warranted, and the claim is denied.

The Veteran's left knee scar is evaluated pursuant to 38 C.F.R. § 4.118, DC 7802.

At the outset, the Board notes that the Veteran's scar is not on the head, face, or neck, therefore DC 7800 is not for application.

Under Diagnostic Code 7801, for burn scar(s) or scar(s) due to other causes, not of the head, face, or neck, that are associated with underlying soft tissue damage an area or areas of at least 6 square inches (39 sq. cm.) but less than 12 square inches (77 sq. cm.) is rated 10 percent disabling. An area or areas of at least 12 square inches (77 sq. cm.) but less than 72 square inches (465 sq. cm.) is rated 20 percent disabling. An area or areas of at least 72 square inches (465 sq. cm.) but less than 144 square inches (929 sq. cm.) is rated 30 percent disabling. An area or areas of 144 square inches (929 sq. cm.) or greater is rated 40 percent disabling.

Note (1) to Diagnostic Code 7801 provides that for the purposes of DCs 7801 and 7802, the six (6) zones of the body are defined as each extremity, anterior trunk, and posterior trunk. The midaxillary line divides the anterior trunk

Note (2) provides that a separate evaluation may be assigned for each affected zone of the body under this diagnostic code if there are multiple scars, or a single scar, affecting multiple zones of the body. Combine the separate evaluations under § 4.25. Alternatively, if a higher evaluation would result from adding the areas affected from multiple zones of the body, a single evaluation may also be assigned under this diagnostic code

Under Diagnostic Code 7802, for burn scars, other than the head, face, or neck, due to other causes, not of the head, face, or neck, that are not associated with underlying soft tissue damage an area or areas of 144 square inches (929 sq. cm.) or greater is rated as 10 percent disabling. 

Note (1) to Diagnostic Code 7802 provides that for the purposes of DCs 7801 and 7802, the six (6) zones of the body are defined as each extremity, anterior trunk, and posterior trunk. The midaxillary line divides the anterior trunk

Note (2) provides that a separate evaluation may be assigned for each affected zone of the body under this diagnostic code if there are multiple scars, or a single scar, affecting multiple zones of the body. Combine the separate evaluations under § 4.25. Alternatively, if a higher evaluation would result from adding the areas affected from multiple zones of the body, a single evaluation may also be assigned under this diagnostic code.

Diagnostic Code 7804 provides that unstable or painful scars are rated as follows: 10 percent for one or two scars; 20 percent for three or four scars; and 30 percent for five or more scars. 

Note (1) to Diagnostic Code 7804 provides that an unstable scar is one where, for any reason, there is frequent loss of covering of skin over the scar.

Note (2) provides that if one or more scars are both unstable and painful, add 10 percent to the evaluation that is based on the total number of unstable or painful scars.

Note (3) provides that scars evaluated under diagnostic codes 7800, 7801, 7802, or 7805 may also receive an evaluation under this diagnostic code, when applicable.

Diagnostic Code 7805 provides that scars, other; and other effects of scars evaluated under diagnostic codes 7800, 7801, 7802, or 7804: Evaluate any disabling effect(s) not considered in a rating provided under diagnostic codes 7800-04 under an appropriate diagnostic code.

Turning to the evidence of record, in a September 2019 VA examination to evaluate the Veteran's knees, the examiner noted that the Veteran had a scar on the left leg above the patella. The examiner noted that the scar was 1.5 by 0.5 centimeters. The examiner determined that this scar was not painful or unstable, did not have a square area equal to or greater than 39 square centimeters, and was not located on the head, face, or neck. 

A review of the remaining medical evidence of record does show that the Veteran underwent a VA examination for his scars in April 2021. This evidence was received following the April 2020 rating decision on appeal. As that evidence was submitted outside the pertinent evidentiary window, it will not be considered in this decision. The Veteran may file a Supplemental Claim to have that evidence considered by the AOJ. The Board notes, however, that the examiner in this April 2021 examination stated that he did not find evidence of a left lower extremity scar. The examiner therefore only evaluated a right lower extremity scar. 

The Board finds that at no point during the appeal period was the Veteran's left knee scar found to measure an area of at least 6 square inches (39 sq. cm.). The scar was also never found to be unstable or painful, and it did not result in any functional limitations. The Veteran himself has not provided any lay assertions that his scar has caused him any functional limitations. Therefore, an increased evaluation under DC 7801 and DC 7804 is not warranted. The Veteran's scar measured at 1.5 by 0.5 centimeters, for an area of .75 centimeters. Therefore, a higher evaluation under DC 7802 is not warranted as the scar is smaller than 929 square centimeters. Accordingly, the Board finds that a compensable rating is not warranted for the Veteran's left knee scar.

 

 

D. SMART

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board AK

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.