Citation Nr: 1528203 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 13-00 118 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to an initial disability rating higher than 20 percent for posttraumatic arthritis of the left ankle, syndesmosis, status post healed distal fibula fracture (hereinafter "left ankle disability"). 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

C. L. Krasinski, Counsel





INTRODUCTION

The Veteran had active service from June 1979 to June 1983. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an August 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

In March 2013, the Veteran indicated that he wished to cancel his hearing request. The hearing request is withdrawn. 38 C.F.R. § 20.704 (2014).

In September 2014, the Board remanded issue to the Agency of Original Jurisdiction (AOJ) for additional development. The Board finds that the AOJ substantially complied with the mandates of the Board remand including obtaining Social Security Administration Records. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 


FINDING OF FACT

For the entire appeal period, the service-connected left ankle arthritis has been manifested by pain, marked limitation of motion, and the functional loss and impairment manifested by less movement than normal and pain on movement, without objective evidence of ankylosis. 


CONCLUSION OF LAW

For the entire appeal period, the criteria for the assignment of an initial disability evaluation in excess of 20 percent for the service-connected left ankle disability have not been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 4.1, 4.7, 4.40, 4.45, 4.59, 4.71a, Diagnostic Codes 5003, 5010, 5271 (2014). 


REASONS AND BASES FOR FINDING AND CONCLUSION

1. Duty to Notify and Duty to Assist

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). VA notice letters must also include notice of a disability rating and an effective date for award of benefits if service connection is granted. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). The RO provided a notice letter to the Veteran in March 2012. The content of the letter complied with the requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b). The claim was readjudicated in November 2012 and most recently March 2015. See Prickett v. Nicholson, 20 Vet. App. 370 (2006).

The Veteran's claim for a higher evaluation is a downstream issue, which was initiated by the notice of disagreement. Courts have held that, once service connection is granted the claim is substantiated, additional notice is not required and any defect in the notice is not prejudicial. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). Thus, there is no duty to provide additional notice.

The Board finds that all relevant evidence has been obtained with regard to the Veteran's claim, and the duty to assist requirements have been satisfied. Private treatment records from B. Hospital are associated with the file. VA treatment records dated from 2011 to 2014 are associated with the file. The Board has reviewed the Veteran's statements and medical evidence of record and concludes that there is no outstanding evidence with respect to the Veteran's claim. In March 2012, the Veteran specifically informed VA that he had no additional evidence or information to submit. 

The Veteran underwent VA examinations in 2011 and 2012 to obtain medical evidence as to the nature and severity of service-connected left ankle disability. The Board finds that the VA examinations are adequate for adjudication purposes. The examinations were performed by medical professionals based on a review of claims file, a solicitation of history and symptomatology from the Veteran, and a thorough examination of the Veteran. The examiners carefully examined the Veteran and the examination reports are accurate and fully descriptive, and fully address the criteria necessary to effectively evaluate the Veteran's service-connected disabilities. The Board finds that for these reasons the Veteran has been afforded an adequate examination and VA's duty to assist with respect to obtaining a VA examination or opinion has been met. 38 C.F.R. § 3.159(c)(4); Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Moreover, neither the Veteran nor his representative has objected to the adequacy of any of the examinations conducted during this appeal. See Sickels v. Shinseki, 643 F.3d, 1362, 1365-66 (Fed. Cir. 2011). The Board finds that the duties to notify and assist the Veteran have been met, so that no further notice or assistance to the Veteran is required to fulfill VA's duty to assist in the development of the claim. 

2. Increased Rating: Legal Criteria and Analysis

Disability evaluations are determined by the application of VA's Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and the residual conditions in civil occupations. 38 U.S.C.A. § 1155; 38 C.F.R. §§ 3.321(a), 4.1. 

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

Where entitlement to compensation has already been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). 

The United States Court of Appeals for Veterans Claims (Court) has held that separate ratings may be assigned for separate periods of time based on the facts found, a practice known as "staged" rating. Fenderson v. West, 12 Vet. App. 119, 125-26 (1999) (the Court noted a distinction between claims stemming from an original rating versus increased rating). See also Hart v. Mansfield, 21 Vet. App. 505 (2007) (staged ratings are appropriate for an increased rating claim whenever the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings). 

Disability of the musculoskeletal system is primarily the inability, due to damage or infection in the parts of the system, to perform the normal working movements of the body with normal excursion, strength, speed, coordination, and endurance. It is essential that the examination on which ratings are based adequately portray the anatomical damage, and the functional loss, with respect to all these elements. The functional loss may be due to absence of part, or all, of the necessary bones, joints and muscles, or associated structures, or to deformity, adhesions, defective innervation, or other pathology, or it may be due to pain, supported by adequate pathology or evidenced by visible behavior of the claimant undertaking the motion. Weakness is as important as limitation of motion, and a part that becomes painful on use must be regarded as seriously disabled. 38 C.F.R. § 4.40.

The factors involved in evaluating, and rating disabilities of the joints include weakened movement (due to muscle injury, disease or injury of peripheral nerves, divided or lengthened tendons, etc.); excess fatigability; incoordination (impaired ability to execute skilled movements smoothly); more movement than normal (from flail joint, resections, nonunion of fracture, relaxation of ligaments, etc.); less movement than normal (due to ankylosis, limitation or blocking, adhesions, tendon-tie-up, contracted scars, etc.); or pain on movement, swelling, deformity, or atrophy of disuse. 38 C.F.R. § 4.45. 

In DeLuca v. Brown, 8 Vet. App. 202 (1995), the Court held that, for disabilities evaluated on the basis of limitation of motion, VA was required to apply the provisions of 38 C.F.R. §§ 4.40, and 4.45, pertaining to functional impairment. The Court instructed that, in applying these regulations, VA should obtain examinations in which the examiner determined whether the disability was manifested by weakened movement, excess fatigability, or incoordination. Such inquiry was not to be limited to muscles or nerves. These determinations were, if feasible, be expressed in terms of the degree of additional range-of-motion loss due to any weakened movement, excess fatigability, or incoordination. 

With any form of arthritis, painful motion is an important factor of disability, the facial expression, wincing, etc., on pressure or manipulation, should be carefully noted and definitely related to affected joints. Muscle spasm will greatly assist the identification. Sciatic neuritis is not uncommonly caused by arthritis of the spine. The intent of the schedule is to recognize painful motion with joint or particular pathology as productive of disability. It is the intention to recognize actually painful, unstable, or malaligned joints, due to healed injury, as entitled to at least the minimum compensable rating for the joint. Crepitation either in the soft tissues such as the tendons or ligaments, or crepitation within the joint structures should be noted carefully as points of contact which are diseased. Flexion elicits such manifestations. The joints involved should be tested for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with the range of the opposite undamaged joint. 38 C.F.R. § 4.59.

It is the defined and consistently applied policy of the VA to administer the law under a broad interpretation, consistent, however, with the facts shown in every case. Any reasonable doubt regarding the degree of disability is resolved in favor of a veteran. See 38 C.F.R. § 4.3.

Arthritis due to trauma is rated as degenerative arthritis. 38 C.F.R. § 4.71a, Diagnostic Code 5010. Degenerative arthritis established by x-ray findings is rated according to limitation of motion for the joint or joints involved. Where limitation of motion is noncompensable, a rating of 10 percent is assigned for each major joint or group of minor joints affected by limitation of motion to be combined not added under Diagnostic Code 5003. Limitation of motion must be objectively confirmed by findings such as swelling, muscle spasm, or satisfactory evidence of painful motion. In the absence of limitation of motion a 10 percent rating is assigned where there is x-ray evidence of involvement of two or more major joints, or two or more minor joint groups; and a 20 percent evaluation is assigned where there is x-ray evidence of involvement of two or more major joints or two or more minor joint groups with occasional incapacitating exacerbations. 38 C.F.R. § 4.71a, Diagnostic Code 5003 (2014). 

Under Diagnostic Code 5271, limited motion of the ankle, a 10 percent disability rating is warranted for moderate limitation of motion of the ankle, and a 20 percent disability rating is warranted for marked limitation of motion of the ankle. 38 C.F.R. § 4.71a, Diagnostic Code 5271 (2014). Full range of motion of the ankle is measured from zero to 20 degrees in dorsiflexion, and zero to 45 degrees in plantar flexion. 38 C.F.R. § 4.71, Plate II (2014). 

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the veteran. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. 

In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), it was observed that "a veteran need only demonstrate that there is an 'approximate balance of positive and negative evidence' in order to prevail." To deny a claim on its merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54 .

The RO rated the Veteran's arthritis of the left ankle as 20 percent disabling under 38 C.F.R. § 4.71a, Diagnostic Code 5271, for marked limitation of motion of the ankle. The July 2011 VA examination report indicates that the Veteran reported having lateral ankle pain and flare-ups of pain with any type of standing or walking. On examination, the Veteran had a slightly antalgic gait. There was tenderness to palpation over the lateral malleolus. Dorsiflexion was zero to 5 degrees (zero to 20 degrees is normal). Planter flexion was zero to 25 degrees with pain at 20 degrees (zero to 45 degrees is normal). X-ray examination revealed healed distal fibula fracture with mild associated post traumatic left ankle arthritis of the syndesmosis. The examiner noted that the Veteran had pain and decreased range of motion. 
The July 2012 VA examination report indicates that the Veteran continued to have ankle pain and flare-ups with prolonged walking and standing. Range of motion of the left ankle was dorsiflexion from zero to 15 degrees with pain at 15 degrees and plantar flexion was zero to 40 degrees with pain at 40 degrees. The examiner indicated that the functional loss and impairment was manifested by less movement than normal and pain on movement. There was localized pain and tenderness on palpation of the joint and soft tissue. There was no ankylosis. The Veteran wore a brace constantly. A September 2012 VA examination addendum report indicates that there was no gross instability in the left ankle and the diagnosis was mild post traumatic arthritis which should not cause significant debility. 

Under Diagnostic Code 5271, a 20 percent disability rating is warranted for marked limitation of motion of the ankle and the 20 percent rating is the highest schedular rating available under Diagnostic Code 5271. Thus, a disability rating in excess of 20 percent is not possible under Diagnostic Code 5271. 

A disability evaluation in excess of 20 percent is possible under Diagnostic Code 5270, ankylosis of the ankle. See 38 C.F.R. § 4.71a, Diagnostic Code 5270 (2014). However, ankylosis of the left ankle has not been demonstrated. See the VA examination reports dated in July 2011 and July 2012. Therefore, a rating on the basis of ankylosis is not appropriate. A disability evaluation in excess of 20 percent is not warranted under Diagnostic Code 5270. 

The Board also has considered the other diagnostic code criteria pertaining to the ankle. A rating higher than 20 percent is not available under Diagnostic Codes 5272, ankylosis of subastragalar or tarsal joint, Diagnostic Code 5273, malunion of the os calcis or astragalus, or Diagnostic Code 5274, astragalectomy as none of these disabilities are shown. See 38 C.F.R. § 4.71a. 

Where a diagnostic code is predicated on loss of motion, VA must also consider 38C.F.R. § 4.40, regarding functional loss due to pain, and 38 C.F.R. § 4.45, regarding weakness, fatigability, incoordination, or pain on movement of a joint. DeLuca, 8 Vet. App. at 204-207. However, since a 20 percent evaluation has been granted for the Veteran's service-connected left ankle disability, and since this is the maximum available schedular rating under Diagnostic Code 5271, the Veteran is not entitled to a higher rating pursuant to 38 C.F.R. §§ 4.40 and 4.45. See the Court's holding in Johnston v. Brown, 10 Vet. App. 80, 85 (1997). 

Although pain may be a cause or manifestation of functional loss, limitation of motion due to pain is not necessarily rated at the same level as functional loss where motion is impeded. See Mitchell v. Shinseki, 25 Vet. App. 32 (2011); cf. Powell v. West, 13 Vet. App. 31, 34 (1999); Hicks v. Brown, 8 Vet. App. 417, 421 (1995); Schafrath v. Derwinski, 1 Vet. App. 589, 592 (1991). Instead, the Mitchell Court explained that, pursuant to 38 C.F.R. §§ 4.40 and 4.45, the possible manifestations of functional loss include decreased or abnormal excursion, strength, speed, coordination, or endurance (38 C.F.R. § 4.40 ), as well as less or more movement than is normal, weakened movement, excess fatigability, and pain on movement (as well as swelling, deformity, and atrophy) that affects stability, standing, and weight-bearing (38 C.F.R. § 4.45 ). Thus, functional loss caused by pain must be rated at the same level as if the functional loss were caused by any of the other factors cited above. Therefore, in rating the severity of a joint disability, VA must determine the overall functional impairment due to these factors. 

The Board finds that during the entire period of appeal, the left ankle disability is not shown to produce functional impairment that would warrant a rating higher than 20 percent and the currently assigned 20 percent rating contemplates the current level of functional impairment of the left ankle. 

The Veteran himself asserts that the left ankle disability is more severe and a disability evaluation in excess of 20 percent is warranted. Although the Veteran, as a lay person, is competent to describe observable symptoms such as increased pain and he may be competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), as to the specific issue in this case, whether the left ankle disability has worsened, falls outside the realm of common knowledge of a lay person. See also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). Some medical issues require specialized training for a determination as to diagnosis and severity; therefore such issues are not susceptible of lay opinions on etiology. While a Veteran might be able to describe his ankle symptoms, an opinion as to whether the left ankle disability causes increased functional impairment requires medical expertise, and is based on specific clinical testing and a knowledge of the complexities of the musculoskeletal system. The Veteran is not shown to possess this knowledge or expertise and therefore, his statements are not competent. The Board finds that the Veteran's lay statements are outweighed by the VA examination findings and reports that detail the current severity of the left ankle disability. 

In summary, a disability evaluation in excess of 20 percent for the service-connected left ankle disability is not warranted at any time during the appeal period, for the reasons and bases described above. The Board concludes that the preponderance of the evidence is against the Veteran's claim for a disability evaluation in excess of 20 percent for the service-connected left ankle disability. The benefit sought on appeal is accordingly denied.

The Board has considered whether referral for an extraschedular rating is warranted for the service-connected left ankle disability. The threshold factor for extraschedular consideration is a finding that the evidence before VA presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Thun v. Peake, 22 Vet. App. 111 (2008). Therefore, initially, there must be a comparison between the level of severity and symptomatology of the Veteran's service-connected disability with the established criteria found in the rating schedule for that disability. If the criteria reasonably describe the Veteran's disability level and symptomatology, then the Veteran's disability picture is contemplated by the rating schedule, the assigned schedular evaluation is, therefore, adequate, and no referral is required. Id. at 115.

As discussed, the Veteran's service-connected left ankle disability is manifested by pain, painful motion, and limitation of motion of the ankle. These symptoms or impairments due to the left ankle disability is contemplated by the rating schedule, and the assigned schedular evaluation, therefore, is adequate. The rating criteria reasonably describe his disability level and symptomatology, and provide for higher ratings for additional or more severe symptoms than currently shown by the evidence. The rating criteria for left ankle disability contemplate limitation of motion including due to pain and other orthopedic factors which are incorporated into the schedular rating criteria (see 38 C.F.R. §§ 4.21, 4.40, 4.45, 4.59; DeLuca). Hence, as the schedular rating reasonably describes the Veteran's disability picture, referral for extraschedular consideration is not warranted. 

According to Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014), a veteran may be entitled to "consideration [under 38 C.F.R. § 3.321(b) ] for referral for an extra-schedular evaluation based on multiple disabilities, the combined effect of which is exceptional and not captured by schedular evaluations." Referral for an extraschedular rating under 38 C.F.R. § 3.321(b) is to be considered based upon either a single service-connected disability or upon the "combined effect" of multiple service-connected disabilities when the "collective impact" or "compounding negative effects" of the service-connected disabilities, when such presents disability not adequately captured by the schedular ratings for the service-connected disabilities. 

Here, the Veteran has not asserted, and the evidence of record has not suggested, any such combined effect or collective impact of multiple service-connected disabilities that create such an exceptional circumstance to render the schedular rating criteria inadequate. There is neither allegation nor indication that the collective impact or combined effect of more than one service-connected disability presents an exceptional or unusual disability picture to render inadequate the schedular rating criteria. 

ORDER

Entitlement to a higher initial disability evaluation in excess of 20 percent for posttraumatic arthritis of the left ankle, syndesmosis, status post healed distal fibula fracture is denied. 


____________________________________________
THERESA M. CATINO
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs