Citation Nr: 1528178 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 08-15 245 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUE

Entitlement to a disability rating in excess of 10 percent for residuals, contusion to the back secondary to a shrapnel wound injury.


ATTORNEY FOR THE BOARD

J.R. Bryant


INTRODUCTION

The Veteran had active service in the United States Army from May 2000 to July 2000, from February 2003 to May 2003, and from December 2003 to March 2005.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2007 rating decision by the Department of Veterans Affairs (VA), Regional Office (RO), in Jackson, Mississippi.

In September 2011 and April 2014, the Board remanded the claim for additional development.

In August 2012, the evaluation for the Veteran s service connected residuals, contusion to back secondary to shrapnel wound was increased to 10 percent, effective March 14, 2005. The Veteran has not withdrawn the appeal as to the issue of a disability rating greater than assigned. Accordingly, the issue remains in appellate status. AB v. Brown, 6 Vet. App. 35 (in which the United States Court of Appeals for Veterans Claims (Court) stipulated that, unless a veteran expresses a desire for a specific rating for a service-connected disability, he/she is presumed to be seeking the maximum benefit permitted under the regulations). 


FINDING OF FACT

The Veteran's service-connected residuals, contusion to back secondary to shrapnel wound has been manifested by chronic pain resulting in forward flexion to at least 80 degrees, and a combined range of motion greater than 120 degrees. He does not have muscle spasm or guarding, severe enough to result in an abnormal gait, scoliosis, reversed lordosis, or abnormal kyphosis. There is also no evidence of ankylosis, or incapacitating episodes of intervertebral disc syndrome (IDS) requiring bed rest as defined under VA law.


CONCLUSION OF LAW

The criteria for an initial disability rating greater than 10 percent for the Veteran's residuals, contusion to back secondary to shrapnel wound are not met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5237 (2014).



REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

VA has a duty to notify and a duty to assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. §§ 3.159, 3.326(a). 

Proper notice from VA must inform the claimant and his representative, if any, prior to the initial unfavorable decision on a claim by the agency of original jurisdiction (AOJ) of any information and any medical or lay evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002). These notice requirements apply to all five elements of a service-connection claim (veteran status, existence of a disability, a connection between the veteran's service and the disability, degree of disability, and effective date of the disability). Dingess v. Nicholson, 19 Vet. App. 473 (2006). Information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded must be included. Id. 

The Veteran has not alleged prejudice with respect to notice, as is required. See Shinseki v. Sanders, 129 S. Ct. 1696 (2009); Goodwin v. Peake, 22 Vet. App. 128 (2008); Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). None is found by the Board. Indeed, VA's duty to notify has been more than satisfied. The Veteran was notified via letter dated in March 2007 of the criteria for establishing an increased rating, the evidence required in this regard, and his and VA's respective duties for obtaining evidence. Vazquez-Flores v. Shinseki, 580 F.3d 1270 (Fed. Cir. 2009). He also was notified of how VA determines disability ratings and effective dates if increased entitlement is awarded. This letter accordingly addressed all notice elements and predated the initial adjudication by the AOJ in July 2007.

VA has also satisfied its duty to assist the Veteran in the development of his claim. In-service treatment records and pertinent post-service records have been obtained and are viewable on the Virtual VA and VBMS electronic file systems. He has also submitted potentially relevant documents and argument in support of his claim, including personal statements and has provided testimony at a May 2008 DRO (Decision Review Officer) hearing. The Board finds that there is no additional existing evidence that is necessary for a fair adjudication of the claim that has not been obtained. 

The duty to assist also includes providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on the claim, as defined by law. Green v. Derwinski, 1 Vet. App. 121 (1991). Here, the Veteran was afforded VA examination in September 2011. The Board finds that, the examination report is thorough and adequate, and thus is sufficient to base a decision with regard to the Veteran's claim. The VA examiner personally interviewed and examined the Veteran, including eliciting a history from him, performed the requisite testing, and provided the information necessary to evaluate his service-connected back injury residuals under the applicable rating criteria. The Veteran has not alleged any prejudice caused by a deficiency in the examination here. Thus, there is adequate medical evidence of record to make a determination in this case. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007).

The Board has also considered that the Veteran has not been afforded VA examination of his back injury residuals since 2011, but finds that the medical evidence of record in this case is not too old to adequately evaluate this disability. See Palczewski v. Nicholson, 21 Vet. App. 174 (2007) (another VA examination is not warranted based on the mere passage of time). The Court noted that a factor to consider was whether the submission or identification of additional lay or medical evidence raised the question of whether the medical evidence of record was sufficient to render a decision on the claim.

The Veteran has not asserted, and the evidence does not show, that his service-connected back disability has materially increased in severity since his September 2011 evaluation. See 38 C.F.R. §§ 3.326, 3.327 (reexaminations will be requested whenever VA determines there is a need to verify the current severity of a disability, such as when the evidence indicates there has been a material change in a disability or that the current rating may be incorrect.); Snuffer v. Gober, 10 Vet. App. 400, 403 (1997). Moreover, given that the Veteran has not identified any outstanding treatment records since the 2011 VA examination and the fact that the history he provided at that time, and considered by the examiner, is consistent with that reflected in the record, the examination report (which reflects not only the Veteran's history, but complaints, clinical findings and diagnoses) provides the information necessary to evaluate his service-connected disability under the applicable rating criteria. 38 C.F.R. § 4.2 (2014); Abernathy v. Principi, 3 Vet.App. 461 (1992). Consequently a new VA examination to rate the severity of his service-connected back disability is not warranted.

Thus, the Board finds that VA has satisfied its duty to assist the Veteran in apprising him as to the evidence needed, and in obtaining evidence pertinent to his claim under the VCAA. No useful purpose would be served in remanding this matter for yet more development. A remand would result in unnecessarily imposing additional burdens on VA, with no additional benefit to the Veteran. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); & Quartuccio v. Principi, supra.

Law and Analysis

The Veteran is seeking a higher disability rating for his service-connected residuals, contusion to the back secondary to a shrapnel wound. 

Disability evaluations are determined by comparing a veteran's present symptomatology with the criteria set forth in the VA Schedule for Rating Disabilities, which is based upon average impairment in earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4 (2014). When a question arises as to which of two ratings applies under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt is resolved in favor of the Veteran. 38 C.F.R. § 4.3. 

The Veteran's entire history is considered when making disability evaluations. 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589, 592 (1995). Although a review of the recorded history of a disability is necessary in order to make an accurate evaluation, see 38 C.F.R. §§ 4.2, 4.41, the regulations do not give past medical reports precedence over current findings where such current findings are adequate and relevant to the rating issue. See Francisco v. Brown, 7 Vet. App. 55 (1994); Powell v. West, 13 Vet. App. 31 (1999). However, where the question for consideration is the propriety of the initial evaluation assigned, evaluation of the medical evidence since the grant of service connection and consideration of the appropriateness of "staged rating" is required. See Fenderson v. West, 12 Vet. App. 119 (1999). The Court has also held that staged ratings are appropriate in any increased-rating claim in which distinct time periods with different ratable symptoms can be identified. Hart v. Mansfield, 21 Vet. App. 505 (2007). The analysis is therefore undertaken with consideration of the possibility that different ratings may be warranted for different time periods.

The Veteran's residuals, contusion to the back secondary to a shrapnel wound are currently rated as 10 percent disabling under DC 5237. There are no separate disability ratings in effect for associated neurologic impairment.

The criteria for rating disabilities of the spine are listed under DCs 5235 to 5243. The code for intervertebral disc syndrome (DC 5243), permits rating under either the General Rating Formula for Diseases and Injuries of the Spine or under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes, whichever results in the higher rating when all disabilities are combined. 38 C.F.R. § 4.71a. 

Under DC 5237, a 10 percent rating is assigned when forward flexion of the thoracolumbar spine is greater than 60 degrees, but not greater than 85 degrees; or, when the combined range of motion of the thoracolumbar spine greater than 120 degrees, but not greater than 225 degrees; or when there is muscle spasm, guarding, or localized tenderness not resulting in abnormal gait or abnormal spinal contour; or vertebral body fracture with loss of 50 percent or more of the height. A 20 percent evaluation is appropriate where there is forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; or, the combined range of motion of the thoracolumbar spine is not greater than 120 degrees; or, muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. A 40 percent evaluation for forward flexion of the thoracolumbar spine of 30 degrees or less or favorable ankylosis of the entire thoracolumbar spine. A 50 percent evaluation is warranted for unfavorable ankylosis of the entire thoracolumbar spine. A 100 percent evaluation is warranted for unfavorable ankylosis of the entire spine. 38 C.F.R. § 4.71. 

Under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes, a 10 percent rating is warranted for incapacitating episodes having a total duration of at least one week but less than two weeks in the past 12 months. A 20 percent rating is warranted for incapacitating episodes having a total duration of at least two weeks but less than four weeks in the past 12 months. A 40 percent rating is warranted for incapacitating episodes having a total duration of at least four weeks, but less than six weeks in the past 12 months; and a 60 percent rating is warranted for incapacitating episodes having a total duration of at least six weeks during the past 12 months. 38 C.F.R. § 4.71a, DC 5243.

Normal forward flexion of the thoracolumbar segment of the spine is zero to 90 degrees, extension is zero to 30 degrees, left and right lateral flexion are zero to 30 degrees, and left and right rotation are zero to 30 degrees. The combined range of motion refers to the sum of the range of forward flexion, extension, left and right lateral flexion, and left and right rotation. The normal combined range of motion of the thoracolumbar spine is 240 degrees. See Note 2, General Rating Formula for Disease and Injuries of the Spine, 38 C.F.R. § 4.71a, Plate V.

Any associated neurological abnormalities (e.g., bowel or bladder impairment) are evaluated separately under the appropriate diagnostic code. See Note 1, General Rating Formula for Disease and Injuries of the Spine, 38 C.F.R. § 4.71a. 

In support of the current claim is a July 2008 VA examination report. The Veteran's history of back contusion from an in-service shrapnel wound injury and his current medical problems were summarized and an examination was performed. His primary complaint was of chronic pain located in the posterior left aspect of the upper back with an intensity level of 7-8/10. The pain did not radiate and he denied any motor or sensory deficits. He did not report any bladder or bowel dysfunction. He could walk half a mile and did not require the use of an assistive device, brace, or orthotic. He did not have any problems with activities of daily living. He was employed as an associate with Radio Shack and did not have any limitations regarding that job. However the Veteran was unable to perform manual labor-type jobs and had difficulty lifting things with the left arm. There were no other flare-ups, exacerbations, or physician ordered bedrest in the past 12 months. 

On examination active and passive range of motion of the thoracolumbar spine showed flexion to 80 degrees, extension to 30 degrees, lateral rotation to 30 degrees bilaterally, and lateral bending to 30 degrees, bilaterally. There was no change with repetition, but there was mild pain with extremes of flexion and extension. There was also tenderness to palpation in the paraspinous musculature on the left side, mostly present in the latissimus dorsi. There were no palpable masses or instability and Tinel's was negative. The examiner noted that because there was mild discomfort associated with examination of thoracic spine, it was conceivable that pain could further limit function as described particularly with repetition. However it was not feasible to attempt to express any of this in terms of additional limitation of motion as these matters could not be determined with any degree of medical certainty.

Examination of the bilateral lower extremities revealed dorsalis pedis pulses were 2+. The Veteran was fully sensate to light touch in all dermatome distributions. Strength was 5/5 throughout all muscle groups and deep tendon reflexes were symmetric. The Veteran had downgoing Babinski and there was no clonus bilaterally. Straight leg raise was negative bilaterally. X-rays of the thoracic spine showed no evidence of fracture, dislocation, or bony destructive lesion.

The clinical assessment was contusion of the left upper back from a blast effect from a bullet. The examiner noted there was no penetration of the skin and no structural damage. The Veteran's pain was in a very subjective location and there was no radiographic evidence of abnormality and no scars were present.

Subsequent VA treatment records document the Veteran's reports of pain in the left lower thorax since being struck by shrapnel that came through his flack jacket during his military service. In a March 2010 VA treatment record, the examiner noted that previous investigations of his gunshot wound to the left posterior truncal area revealed X ray evidence of "nerve damage." 

When examined by VA in September 2011, the Veteran's complaints were of low back pain, stiffness, and intermittent spasm. He described constant dull aching rated as 3/10 baseline and 4/10 after prolonged sitting/standing in any one position. He has had rather extensive workup and treatment, but no definite etiology for the continuing nature of the severe pain has been identified. The pain may increase for no apparent reason, but increased use of the left arm such as with lifting or carrying caused increased pain. Overhead activity also leads to increased pain in the area where he was hit. The Veteran reported flare-ups of unbearable pain 3-4 times per week, but with no radicular symptoms. He states that he has been told he has "nerve damage" in the area of the impact.

Range of motion testing revealed forward flexion to 90 degrees, extension to 30 degrees, lateral flexion to 30 degrees, bilaterally, and rotation to 30 degrees, bilaterally without pain. Although the Veteran had functional loss/impairment due to pain on movement, there was no additional limitation of motion after repetitive use. Examination of the spine was negative for any abnormalities such as guarding or spasm, but there was a fist-sized area of marked tenderness over the area of the left latissimus dorsi just inferior to the inferior border of the left scapula. A bone scan showed no abnormal foci of radiotracer uptake and the shoulders appeared unremarkable. Neurological examination of the lower extremities was normal with no evidence of radiculopathy and there were no definite orthopedic residuals identified. The Veteran's condition impacts his ability to work in that use of the left upper extremity causes increased pain. However he was a full-time college student and his service-connected condition did not prevent him from pursuing his studies. He is independent with activities of daily living. 

During the neurological portion of the examination, the Veteran complained of intermittent non-radiating pain in the left lateral back below the scapula, which he described as throbbing and aching. He complained that this feels like he has only one arm as he cannot use the arm due to the pain and weakness and has occasional trouble with buttons and laces. Reflex examination revealed 1+ in both the lower and upper extremities. The Veteran had normal sensation to pain/pinprick, position sense, and light touch in both upper and lower extremities. Detailed motor examination of the upper and lower extremities revealed normal strength of 5/5 throughout. Muscle tone was normal and there was no evidence of atrophy or trophic changes. The Veteran had no symptoms attributable to any peripheral nerve condition and an electromyography (EMG) study was normal. 

The remaining evidence consists of outpatient treatment records 2011 through 2015. In general, the clinical findings from these records are not materially different from those reported on prior VA examinations and outpatient visits and show that, while the Veteran continued to report upper back pain, there is no indication of a worsening in range of motion or incapacitating episodes to warrant a higher evaluation for his back contusion residuals. There were no specific findings from range-of-motion testing, in degrees, to permit meaningful comparison with the rating criteria. There were also no neurological symptoms noted, no days of prescribed bed rest for intervertebral disc syndrome, and no findings or history to suggest any bladder or bowel dysfunction.

Applying the regulations to the facts in the case, the criteria for a rating in excess of 10 percent for the Veteran's residuals, contusion to the back secondary to a shrapnel wound are not met. The record largely reflects findings of essentially normal or near-normal range of motion. In other words, forward flexion of the thoracolumbar spine was not to the level of "greater than 30 degrees, but not greater than 60 degrees." Further, the combined range of motion of the thoracolumbar spine was greater than 120 degrees. There was no evidence of spasms severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis as required for a 20 percent rating. 

Thus, the Board finds that the criteria for an evaluation greater than 10 percent under DC 5237 are not met.

It is undisputed that the Veteran has limited motion of the thoracolumbar segment of his spine and that there is pain on motion. 38 C.F.R. §§ 4.40, 4.45, 4.59; DeLuca v. Brown, 8 Vet. App. 202 (1995). However there is also no credible evidence of limitation of motion or of pain on use or flare-ups that result in increased functional impairment to the extent that the back disability would warrant a higher rating. The Court clarified that there is a difference between pain that may exist in joint motion as opposed to pain that actually places additional limitation of the particular range of motion. Mitchell v. Shinseki, 25 Vet. App. 32 (2011). The Court specifically discounted the notion that the highest disability ratings are warranted where pain is merely evident as it would lead to potentially "absurd results." Id. at 43 (limiting the scope and application of its prior holding in Lichtenfels v. Derwinski, 1 Vet. App. 484 (1991)). It was stated that 38 C.F.R. § 4.40 provides that joint pain alone, and even pain throughout the entire range of motion, but without evidence of decreased functional ability, does not warrant the minimum compensable rating. 

Here, higher ratings based on pain without any quantifiable loss due to actual pain do not serve as basis for an increased rating. The Veteran has been able to take care of his activities of daily living and even with repetitive use there was no significant loss of motion. Moreover, his complaints of painful limitation of motion have been taken into consideration in the decision to assign the 10 percent evaluation. Given that these complaints do not prevent him from achieving a substantial measured range of motion they do not support a finding of additional functional loss for a higher rating. As such, the provisions of 38 C.F.R. §§ 4.40 and 4.45 have been considered, but they do not provide a basis for the assignment of a higher rating under these circumstances.

The Board has also considered whether an increased evaluation is in order during the appeal period for any potential neurologic manifestations of the Veteran's back injury residuals. However, in this case, neurological evaluations have been consistently negative for any deficits and there is no clinical evidence of radiculopathy. As there is no significant clinical or diagnostic evidence of any neurological findings, there is no basis to assign a separate rating under any of the applicable neurological rating codes. 38 C.F.R. § 4.71a (2014). 

With respect to a higher rating based on the frequency and extent of incapacitating episodes (defined as a period of acute signs and symptoms due to intervertebral disc syndrome that requires bed rest prescribed by a physician and treatment by a physician), the Board acknowledges the Veteran's accounts of chronic back pain. Moreover VA treatment records do reflect that he experiences chronic pain that involves periodic visits to a physician. While these records do reflect the prescription of medication and other treatments, none of them reflect prescribed bed rest. In other words what is lacking is objective documentation that any physician prescribed bed rest or that the Veteran was treated by a physician for any period approaching a total duration of two six weeks during a 12 month period. Thus, there is no evidence of an incapacitating episode of intervertebral disc syndrome for any period to justify higher ratings under DC 5243. See 38 C.F.R. § 4.71a.

The current level of disability shown is encompassed by the rating assigned and with due consideration to the provision of 38 C.F.R. § 4.7, a higher evaluation is not warranted. Hart, supra; Fenderson, supra. A preponderance of the evidence is against the claim adjudicated herein. There is no reasonable doubt to be resolved. 38 U.S.C.A. § 5107(b) (West 2014).

ORDER

A disability rating greater than 10 percent for residuals, contusion to the back secondary to a shrapnel wound injury is denied.


____________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs