Citation Nr: 1730427 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 12-34 685 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUES

1. Entitlement to a disability rating in excess of 40 percent for degenerative disc disease of the lumbar spine.

2. Entitlement to special monthly compensation (SMC) under 38 U.S.C.A. 
§ 1114(s) (West 2014) from May 1, 2016, onward.


REPRESENTATION

Veteran represented by: New York State Division of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

Shauna M. Watkins, Counsel


INTRODUCTION

The Veteran served on active duty in the United States Air Force from November 1965 to November 1969.

This case comes before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania, which continued a disability rating of 40 percent for the Veteran's service-connected degenerative disc disease of the lumbar spine. The file was subsequently transferred to the New York RO.

The Veteran had a hearing before the undersigned Veterans Law Judge (VLJ) in February 2014. A transcript of that proceeding has been associated with the claims file.

In September 2014 and November 2015, the Board remanded the Veteran's increased rating claim to the Agency of Original Jurisdiction (AOJ) for further development.

In an April 2016 rating decision, the RO awarded the Veteran entitlement to SMC under 38 U.S.C.A. § 1114(s) from January 12, 2016, to April 30, 2016. In May 2016, the Veteran expressed disagreement with the rating decision in that he contended that his award for SMC should not have ended on April 30, 2016. In its August 2016 remand, the Board found that the record showed that the issue of entitlement to SMC under 38 U.S.C.A. § 1114(s) was raised. Under Akles v. Derwinski, 1 Vet. App. 118 (1991), the issue of entitlement to SMC is part and parcel of a claim for an increased rating. Akles supports the inference that as long as an increased rating claim remains pending, the SMC issue remains pending. Therefore, the Board found that entitlement to SMC under 38 U.S.C.A. § 1114(s) from May 1, 2016, onward must be considered in conjunction with the claim for increased compensation on appeal.

In August 2016, the Board remanded both claims to the AOJ for further development. The Veteran's VA claims folder has been returned to the Board for further appellate proceedings.

Additional pertinent VA medical treatment records and a VA knee examination were submitted into the record following the most recent readjudication of his appeal by the AOJ in the December 2016 Supplemental Statement of the Case (SSOC). To date, these records have not been reviewed by the AOJ, and no waiver from the Veteran or his representative was received. However, this medical evidence does not provide pertinent information that would warrant a higher disability rating for the Veteran's lumbar spine disability or evidence relating to the Veteran's SMC claim. As such, the records are in no way pertinent or relevant to the claims adjudicated. A waiver for this evidence is not necessary, nor is the initial consideration of this evidence by the AOJ. 38 C.F.R. § 20.704(d) (2016).

The Board has reviewed the record maintained in the Veteran's Virtual VA paperless claims processing system folder.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. Throughout the appeal, the Veteran's degenerative disc disease of the lumbar spine has not more nearly approximated unfavorable ankylosis or demonstrated incapacitating episodes having a total duration of at least 6 weeks during the past 12 months requiring bed rest and treatment prescribed by a physician.

2. Since May 1, 2016, the Veteran does not have a single service-connected disability rated as 100 percent.

3. Since May 1, 2016, the Veteran's service-connected disabilities have not rendered him permanently housebound.


CONCLUSIONS OF LAW

1. The criteria for a disability rating in excess of 40 percent for the degenerative disc disease of the lumbar spine are not met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.40, 4.45, 4.59, 4.71a, Diagnostic Code (DC) 5243 (2016).

2. The criteria for an award of SMC under 38 U.S.C.A. § 1114(s) from May 1, 2016, onward have not been met. 38 U.S.C.A. §§ 1114(s), 1502(c) (West 2014); 38 C.F.R. §§ 3.350(i), 3.351(d)(2) (2016). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA's Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016). 

The Veteran in this case has not referred to any deficiencies in the duty to notify; therefore, the Board may proceed to the merits of the claims without discussing the duty to notify. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015, cert denied, U.S.C. Oct. 3, 2016) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board....to search the record and address procedural arguments when the [appellant] fails to raise them before the Board").

Regarding the duty to assist, the Veteran has been afforded VA examinations, and the reports of those evaluations contain all findings needed to properly evaluate his disability. 38 C.F.R. § 4.2 (2016). The evidence of record does not suggest that the service-connected lumbar spine disability on appeal has worsened since the last VA examination in November 2016. 

The Board has considered whether it is necessary to remand the low back disability claim in light of the holding in Correia v. McDonald, 28 Vet. App. 158 (2016). As will be discussed in more detail below, the U.S. Court of Appeals for Veterans Claims (Court) found that, to be adequate, a VA examination of the joints must, wherever possible, include the results of range of motion testing on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with the range of the opposite undamaged joint in compliance with 38 C.F.R. § 4.59. The Board notes that the Veteran is already in receipt of a disability rating for his lumbar spine disability that contemplates the maximum loss of range of motion and favorable ankylosis, and that the only way he may receive a higher schedular rating is by demonstrating unfavorable ankylosis. (As will be described in more detail below, in the context of this claim, favorable ankylosis exists when the low back is fixed in a neutral position, while unfavorable ankylosis exists when the low back is fixed either in flexion or extension.) Thus, entitlement to an increased rating may only be demonstrated by showing that the back is fixed in one particular position rather than in another. This rating criterion does not involve assessment of range of motion, as the Veteran's ability to move his low back would necessarily preclude a finding of unfavorable ankylosis. The Board therefore finds that a remand of this claim in order to obtain an examination that complies with Correia would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991) (concluding that remand is unnecessary where it "would result in this Court's unnecessarily imposing additional burdens on the [Board] with no benefit flowing to the veteran").

For the foregoing reasons, the Board concludes that all reasonable efforts were made by the VA to obtain evidence necessary to substantiate the Veteran's claims. Therefore, no further assistance to the Veteran with the development of evidence is required.

Relevant Diagnostic Codes for Increased Rating Claim

Disability evaluations are determined by the application of a schedule of ratings that is based on the average impairment of earning capacity in civil occupations. Separate DCs identify the various disabilities. See 38 U.S.C.A. § 1155; 38 C.F.R. § Part 4 (2016). Where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that evaluation. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

The Veteran is in receipt of a 40 percent disability rating under 38 C.F.R. § 4.71a, DC 5243 for his lumbar spine disability. He seeks a higher disability rating. The Veteran is also in receipt of a temporary total disability rating for this disability from January 12, 2016, to April 30, 2016. The temporary total disability rating will not be discussed by the Board in this decision. 

DC 5243 refers to the General Rating Formula for Diseases and Injuries of the Spine. The General Rating Formula for Diseases and Injuries of the Spine provides a 40 percent disability rating for forward flexion of the thoracolumbar spine 30 degrees or less, or favorable ankylosis of the entire thoracolumbar spine. A 50 percent disability rating is assigned for unfavorable ankylosis of the entire thoracolumbar spine. A 100 percent disability rating is assigned for unfavorable ankylosis of entire spine. 38 C.F.R. § 4.71a.

The Notes following the General Rating Formula for Diseases and Injuries of the Spine provide further guidance in rating diseases or injuries of the spine. Pertinent to this appeal, Note (1) provides that any associated objective neurologic abnormalities, including, but not limited to, bowel or bladder impairment, should be rated separately under an appropriate diagnostic code. Note (5) provides that, for VA compensation purposes, unfavorable ankylosis is a condition in which the entire thoracolumbar spine, or the entire spine, is fixed in flexion or extension, and the ankylosis results in one or more of the following: difficulty walking because of a limited line of vision; restricted opening of the mouth and chewing; breathing limited to diaphragmatic respiration; gastrointestinal symptoms due to pressure of the costal margin on the abdomen; dyspnea or dysphagia; atlantoaxial or cervical subluxation or dislocation; or neurologic symptoms due to nerve root stretching. Fixation of a spinal segment in neutral position (zero degrees) always represents favorable ankylosis. 38 C.F.R. § 4.71a.

Additionally, in a March 2015 VA medical opinion, the VA examiner found that the Veteran had intervertebral disc syndrome (IVDS) of the spine. Thus, his claim must also be contemplated under the IVDS regulations. 38 C.F.R. § 4.71a, DC 5243. DC 5243 provides that IVDS is to be rated either under the General Rating Formula for Diseases and Injuries of the Spine (described above) or under the Formula for Rating IVDS Based on Incapacitating Episodes, whichever method results in the higher rating when all disabilities are combined under 38 C.F.R. § 4.25. Under DC 5243, a 40 percent disability rating for IVDS with incapacitating episodes having a total duration of at least 4 weeks but less than 6 weeks during the past 12 months. A 60 percent disability rating for IVDS with incapacitating episodes having a total duration of at least 6 weeks during the past 12 months. 38 C.F.R. § 4.71a.

Note (1) to DC 5243 provides that, for purposes of ratings under DC 5243, an incapacitating episode is a period of acute signs and symptoms due to IVDS that requires bed rest prescribed by a physician and treatment by a physician. 

Further, the provisions of 38 C.F.R. § 4.40 state that a disability affecting the musculoskeletal system is primarily the inability, due to damage or inflammation in parts of the system, to perform normal working movements of the body with normal excursion, strength, speed, coordination and endurance. Functional loss may be due to the absence of part, or all, of the necessary bones, joints and muscles, or associated structures. It may also be due to pain supported by adequate pathology and evidenced by visible behavior of the claimant undertaking the motion. 38 C.F.R. § 4.40.

When evaluating joint disabilities rated on the basis of limitation of motion, VA must consider granting a higher rating in cases in which functional loss due to pain, weakness, excess fatigability, or incoordination is demonstrated, and those factors are not contemplated in the relevant rating criteria. See 38 C.F.R. §§ 4.40, 4.45, 4.59 (2016); DeLuca v. Brown, 8 Vet. App. 202 (1995). Recently, the Court clarified that although pain may be a cause or manifestation of functional loss, limitation of motion due to pain is not necessarily rated at the same level as functional loss where motion is impeded. See Mitchell v. Shinseki, 25 Vet. App. 32, 38-43 (2011); cf. Powell v. West, 13 Vet. App. 31, 34 (1999); Hicks v. Brown, 8 Vet. App. 417, 421 (1995); Schafrath v. Derwinski, 1 Vet. App. 589, 592 (1991). Instead, in Mitchell, the Court explained that pursuant to 38 C.F.R. §§ 4.40 and 4.45, the possible manifestations of functional loss include decreased or abnormal excursion, strength, speed, coordination, or endurance (38 C.F.R. § 4.40), as well as less or more movement than is normal, weakened movement, excess fatigability, and pain on movement (as well as swelling, deformity, and atrophy) that affects stability, standing, and weight-bearing (38 C.F.R. § 4.45). Thus, functional loss caused by pain must be rated at the same level as if the functional loss were caused by any of the other factors cited above. Therefore, in evaluating the severity of a joint disability, VA must determine the overall functional impairment due to these factors. 

The Board further notes that the provisions of 38 C.F.R. § 4.40 and 38 C.F.R. § 4.45 should only be considered in conjunction with the DCs predicated on limitation of motion. Johnson v. Brown, 9 Vet. App. 7 (1996).

Analysis for Increased Rating Claim

In applying the above law to the facts of the case, the Board finds that the Veteran is not entitled to a higher disability rating for his service-connected lumbar spine disability. 38 C.F.R. § 4.71a, DC 5243. Here, there is no evidence of unfavorable ankylosis to warrant a higher disability rating. Id. Specifically, at VA spine examinations dated in September 2009, March 2015, April 2016, and November 2016, the VA examiners, following a physical examination of the Veteran's spine, determined that the Veteran's spine was not ankylosed. Additionally, ankylosis was not demonstrated by the Veteran's ranges of motion of the spine, albeit limited, at the VA examinations. Further, the VA and private treatment records do not document that the Veteran's lumbar spine is ankylosed. There is no evidence that the Veteran has difficulty walking because of a limited line of vision; restricted opening of the mouth and chewing; breathing limited to diaphragmatic respiration; gastrointestinal symptoms due to pressure of the costal margin on the abdomen; dyspnea or dysphagia; atlantoaxial or cervical subluxation or dislocation; or neurologic symptoms due to nerve root stretching. Thus, the aforementioned evidence does not show that the Veteran's service-connected lumbar spine disability has been manifested by unfavorable ankylosis. Accordingly, the Veteran is not entitled to a higher disability rating for his service-connected lumbar spine disability, as there is no evidence of unfavorable ankylosis, to warrant a higher disability rating. 38 C.F.R. § 4.71a, DC 5243. 

Additionally, at the October 2010 VA spine examination, the Veteran denied any incapacitating episodes of his back over the past 12 months. The March 2015 VA examiner found that the Veteran's IVDS was not severe enough to result in incapacitating episodes requiring bedrest ordered by a physician. The April 2016 VA examiner determined that the Veteran had not had any episodes of acute signs and symptoms due to IVDS that required bed rest prescribed by a physician and treatment by a physician in the past 12 months. The VA and private treatment records do not document incapacitating episodes due to the lumbar spine disability having a total duration of at least 6 weeks during the past 12 months requiring bed rest and treatment prescribed by a physician. Thus, this evidence does not warrant a disability rating in excess of 40 percent. 38 C.F.R. § 4.71a, DC 5243. 

Thus, in applying the above law to the facts of the case, the Board finds that the Veteran is not entitled to a higher disability rating for his service-connected lumbar spine disability. 38 C.F.R. § 4.71a, DC 5243. 
In forming this decision, the Board has considered the Veteran's complaints of pain in the lumbar spine. However, the evidence of record does not establish that this additional pain and flare-ups have caused the lumbar spine to be ankylosed at any point. Further limitation of motion does not entitle the Veteran to a higher disability rating. Instead, as previously mentioned, the Veteran's lumbar spine must demonstrate a lack of motion, i.e., ankylosis. Thus, even when considering the Veteran's additional pain and flare-ups, the requirements for a higher rating for the lumbar spine disability are not met. Accordingly, the Board finds the current 40 percent evaluation assigned adequately compensates the Veteran for the pain and functional impairment caused by his lumbar spine disability. See Mitchell, 25 Vet. App. at 38-43; DeLuca, 8 Vet. App. at 202; 38 C.F.R. §§ 4.40, 4.59.

Additionally, the Board finds that a separate disability rating for neurologic impairment of the Veteran's lumbar spine disability is not warranted. 38 C.F.R. § 4.71a, DC 5243, Note 1. Specifically, the Veteran is already in receipt of separate disability ratings for peripheral neuropathy of the right and left lower extremities, both of which have been found to be secondary to the service-connected lumbar spine disability - and those disability ratings are not on appeal. The March 2015 VA examiner found that the Veteran did not have any other neurologic abnormalities due to his lumbar spine disability apart from the radiculopathy (i.e., peripheral neuropathy). At the October 2010, April 2016, and November 2016 VA examinations, the Veteran denied any dysfunction of his bladder or bowel due to his lumbar spine disability. The VA and private treatment records do not provide any evidence contrary to that obtained at the VA examinations. Thus, additional separate disability ratings under the neurological codes are not warranted for the Veteran's service-connected lumbar spine disability. 38 C.F.R. § 4.124a (2016). 

Further, the April 2016 VA examiner determined that the Veteran had a lumbar spine scar that measured 11 centimeters (cm.) by 0.5 cm. Similarly, the November 2016 VA examiner found that the Veteran had a lumbar spine scar that measured 6 cm. by 1 cm. Both VA examiners found that the scar was not painful or unstable, did not have a total area equal to or greater than 39 square cm. (6 square inches), and was not located on the head, face or neck. The remaining medical evidence of record does not provide contrary evidence. The Veteran is not entitled to a separate disability ratings for this scar, as the evidence of record establishes that the scar is noncompensable under the scar regulations. 38 C.F.R. § 4.118, DCs 7800, 7801, 7802, 7803, 7804, 7805 (2016). Specifically, the scar has not shown to be: located on the Veteran's head, face, or neck; comprised of an area of at least six square inches (39 sq. cm.); unstable; or, painful. Id. The Board observes that regulatory scar changes were made in 2012, but these changes involved only a correction to the applicability date of the 2008 regulations, and did not involve any substantive changes. Accordingly, the Veteran is not entitled to a separate disability rating for his scar associated with his lumbar spine disability.

The Board has also considered whether staged ratings are appropriate in this case. See Hart, 21 Vet. App. at 505; Francisco, 7 Vet. App. 55 (1994). However, at no time during the relevant appeal period has the service-connected lumbar spine disability more nearly met or nearly approximated the criteria for a higher disability rating. Accordingly, staged ratings are not for application in the instant case.

The Veteran has submitted lay statements from himself and his spouse to testify to his current symptoms. The Board notes that in adjudicating a claim, the competence and credibility of the Veteran and his spouse must be considered. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Washington v. Nicholson, 19 Vet. App. 362, 368-69 (2005). The Board acknowledges that the Veteran and the spouse are competent to give evidence about what they observe or experience. For example, the Veteran is competent to report that he experiences certain symptoms, such as pain, and the Veteran's spouse is competent to describe symptoms she observes the Veteran experecing. Both are credible in this regard. See, e.g., Layno v. Brown, 6 Vet. App. 465 (1994). The Veteran's and his spouse's competent and credible beliefs that his disability warrants a disability rating higher than the currently assigned disability rating, however, are outweighed by the competent and credible medical examinations that evaluated the true extent of impairment based on objective data coupled with the lay complaints. The VA examiners have the training and expertise necessary to administer the appropriate tests for a determination on the type and degree of the impairment associated with the Veteran's complaints. For these reasons, greater evidentiary weight is placed on the physical examination findings than the lay statements.
In sum, the preponderance of the evidence is against the assignment of a disability rating in excess of 40 percent for the degenerative disc disease of the lumbar spine at any time during the appeal period. Thus, the claim is denied. 38 U.S.C.A. 
§ 5107; 38 C.F.R. § 3.102; see Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

Analysis for SMC Claim

The Veteran is currently in receipt of SMC under 38 U.S.C.A. § 1114(s) from January 12, 2016, to April 30, 2016, as his lumbar spine disability was 100 percent during this time period. The Veteran seeks SMC under 38 U.S.C.A. § 1114(s) from May 1, 2016, onward.

A veteran may receive housebound-rate special monthly compensation if he or she has a service-connected disability rated as permanent and total and (1) has additional service-connected disability or disabilities independently ratable at 60 percent or more, or (2) by reason of disability or disabilities, is permanently housebound but does not qualify for special monthly pension at the aid and attendance rate. 38 U.S.C.A. § 1114(s); 38 C.F.R. § 3.350(i). A veteran will be determined to be permanently housebound when he or she is substantially confined to the house (or ward or clinical areas, if institutionalized) or immediate premises due to disability or disabilities that are reasonably certain will remain throughout his or her lifetime. 38 U.S.C.A. § 1502(c); 38 C.F.R. § 3.351(d)(2).

Since May 1, 2016, the Veteran has been service-connected for the following disabilities: degenerative disc disease of the spine, rated as 40 percent; peripheral neuropathy of the left lower extremity, rated as 10 percent prior to November 15, 2016, and 40 percent since; subluxation of the left acromioclavicular joint, rated as 20 percent; peripheral neuropathy of the right lower extremity, rated as 20 percent; left knee arthritis, rated as 10 percent; arthritis of the right knee, rated as 10 percent; right ankle fracture, rated as 10 percent; adjustment disorder with depressed mood, rated as 10 percent; arthritis of the right hip, rated as 10 percent; tinnitus, rated as 10 percent; hearing loss, rated as noncompensable, and left knee arthritis with limitation of flexion, rated as 10 percent prior to September 30, 2016, and noncompensable since then. Even considering the combined rating of the back and bilateral lower extremity peripheral neuropathy, this does not rise to a 100 percent rating. Thus, the evidence does not show that the Veteran has one single disability ratable as 100 percent disabling since May 1, 2016. Accordingly, the Veteran is not entitled to SMC based on having a service-connected disability that is rated as permanent and total. 38 U.S.C.A. § 1114(s); 38 C.F.R. § 3.350(i). 

Additionally, the evidence of record does not establish that the Veteran is permanently housebound due to his service-connected disabilities and thus should be awarded SMC. 38 U.S.C.A. § 1114(s); 38 C.F.R. § 3.350(i). The Veteran is not currently institutionalized. He has also not been shown to be substantially confined to his house or immediate premises due to his service-connected disabilities, which it is reasonably certain will remain throughout his lifetime. 38 U.S.C.A. § 1502(c); 38 C.F.R. § 3.351(d)(2). For instance, at the September 2009 VA examinations, the Veteran reported that he was independent in his daily living. The March 2015 VA examiner, following a review of the Veteran's claims file, determined that the Veteran's service-connected lumbar spine disability would not cause any functional limitations. During the course of the appeal, the Veteran has been able to attend his VA medical appointments regularly and as recently as June 2017. The claims file does not contain any medical opinions concluding that the Veteran's service-connected disabilities have caused him to be permanently housebound or substantially confined to his house. 

Accordingly, the Veteran is not entitled to SMC under 38 U.S.C.A. § 1114(s) from May 1, 2016, onward based on his service-connected disability ratings. 38 U.S.C.A. § 1114(s); 38 C.F.R. § 3.350(i). 








 (CONTINUED ON NEXT PAGE)

ORDER

The claim of entitlement to a disability rating in excess of 40 percent for degenerative disc disease of the lumbar spine is denied.

The claim of entitlement to SMC under 38 U.S.C.A. § 1114(s) from May 1, 2016, onward, is denied.



____________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs