Citation Nr: 1829308 
Decision Date: 05/29/18 Archive Date: 06/12/18

DOCKET NO. 13-23 320 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to a compensable rating for hearing loss prior to February 6, 2016, and in excess of 20 percent from that date. 

2. Entitlement to a compensable disability rating for hypertension. 


REPRESENTATION

Appellant represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife




ATTORNEY FOR THE BOARD

E. Miller, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Navy from May 1974 to September 1996. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from an August 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

The Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge (VLJ) in January 2016. The transcript of the hearing is included in the claims file. 

In an April 2016 rating decision from the Appeals Management Center (AMC), the AMC increased the Veteran's rating disability for bilateral hearing loss to 20 percent from February 6, 2016. As this rating assignment does not represent a full grant of the benefits sought on appeal, the issue of an increased rating for hearing loss disability is still on appeal before the Board. AB v. Brown, 6 Vet. App. 35 (1993). 

The issue of entitlement to an increased rating for a bilateral hearing loss disability is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required. 


FINDING OF FACT

Throughout the claim period, the Veteran's hypertensive disability more closely approximates that of an individual with a history of systolic blood pressure predominantly 160 or more; however, his systolic and diastolic readings throughout the appeal period are not shown to be predominantly 200 or more, or 110 or more, respectively. 


CONCLUSION OF LAW

The criteria for award of an initial 10 percent evaluation, but no higher, throughout the appeal period for hypertension have been met. 38 U.S.C. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.104, Diagnostic Code 7101 (2017). 


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has thoroughly reviewed all the evidence in the Veteran's claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, all the evidence submitted by or on behalf of the Veteran. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (the law requires only that the Board address its reasons for rejecting evidence favorable to the Veteran). 

I. Duty to Notify and Assist

Neither the Veteran nor his representative has raised any issues with the duty to notify or duty to assist for the issue decided herein. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board... to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument). 

II. Increased Rating 

Upon review of the medical evidence of record, the Board finds that a rating for hypertension of 10 percent is warranted for the period of appeal. The Veteran is currently assigned a noncompensable evaluation for hypertension from October 1, 1996, under Diagnostic Code 7101. 38 C.F.R. § 4.104. 

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities (Rating Schedule), which is based on the average impairment of earning capacity. Individual disabilities are assigned separate DCs. 38 U.S.C. § 1155 (West 2014); 38 C.F.R. § 4.1 (2017). The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life including employment. 38 C.F.R. § 4.10. 

If there is a question as to which evaluation to apply to the Veteran's disability, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. When reasonable doubt arises as to the degree of disability, such doubt will be resolved in the Veteran's favor. 38 C.F.R. § 4.3. 

In general, all disabilities, including those arising from a single disease entity, are rated separately, and all disability ratings are then combined in accordance with 38 C.F.R. § 4.25. Pyramiding, the evaluation of the same disability, or the same manifestation of a disability, under different DCs, is to be avoided when rating an appellant's service-connected disabilities. 38 C.F.R. § 4.14. 

Pertinent regulations do not require that all cases show all findings specified by the Rating Schedule, but that findings are sufficiently characteristic to identify the disease and the resulting disability and coordination of rating with impairment of function. 38 C.F.R. § 4.21. Therefore, the Board has considered the potential application of various other provisions of the regulations governing VA benefits, whether or not they were raised by the Veteran, as well as the entire history of his disability in reaching its decision. Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991). 

In considering the severity of a disability, it is essential to trace the medical history of the veteran. 38 C.F.R. §§ 4.1, 4.2, 4.41 (2017). Consideration of the whole-recorded history is necessary so that a rating may accurately reflect the elements of any disability present. 38 C.F.R. § 4.2; Peyton v. Derwinski, 1 Vet. App. 282 (1991). Although the regulations do not give past medical reports precedence over current findings, the Board is to consider the veteran's medical history in determining the applicability of a higher rating for the entire period in which the appeal has been pending. Powell v. West, 13 Vet. App. 31, 34 (1999). 

The Board must also assess the competence and credibility of lay statements and testimony. Barr v. Nicholson, 21 Vet. App. 303, 308 (2007). In increased rating claims, a Veteran's lay statements alone, absent a negative credibility determination, may constitute competent evidence of worsening, at least with respect to observable symptoms. See Vazquez-Flores v. Shinseki, 24 Vet. App. 94, 102 (2010), rev'd on other grounds by Vazquez-Flores v. Shinseki, 580 F.3d 1270, 1277 (Fed. Cir. 2009). 

Competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may also mean statements conveying sound medical principles found in medical treatises. It also includes statements contained in authoritative writings, such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1). 

Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of the facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159(a)(2). In essence, lay testimony is competent when it regards the readily observable features or symptoms of injury or illness. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331, 1336-37; Layno v. Brown, 6 Vet. App. 465, 469 (1994). 

The Board acknowledges that a claimant may experience multiple degrees of disability that might result in different levels of compensation from the time the increased rating claim was filed until a final decision is made. Hart, 21 Vet. App. 505. The analysis in the following decision is therefore undertaken with consideration of the possibility that different ratings may be warranted for different time periods.

Under Diagnostic Code 7101, a rating of 10 percent requires diastolic blood pressure predominantly 100 or more, or systolic blood pressure predominantly 160 or more, or minimum evaluation for an individual with a history of diastolic blood pressure predominantly 100 or more who requires continuous medication for control. A rating of 20 percent requires diastolic blood pressure predominantly 110 or more, or systolic blood pressure predominantly 200 or more. A rating of 40 percent requires diastolic pressure predominantly 120 or more. A rating of 60 percent requires diastolic blood pressure predominantly 130 or more. Hypertension or isolated systolic hypertension must be confirmed by readings taken two or more times on at least three different days. See 38 C.F.R. § 4.104, Diagnostic Code 7101 (2017). 

On appeal, the Veteran asserts that his hypertension warrants a compensable evaluation. In particular, he has argued that he requires continuous medication for control of his hypertension. The Veteran's claim for an increased rating for his service-connected hypertension was made in March 2011. 

The Veteran was afforded a VA examination for hypertension in May 2011. The examiner took three readings of blood pressure at that visit: 154/78, 158/84, 156/84. The examiner noted that the Veteran was on medication to control his hypertension. 

The Veteran submitted a letter from a private medical doctor dated March 2012 stating that the Veteran had a history of systolic blood pressure readings over 170. 

The Veteran was afforded a VA examination in April 2016. The examiner noted that the Veteran required constant medication to control his hypertension. That examiner listed numerous historic blood pressure readings, many of which indicated history of systolic pressure over 160, e.g. June 17, 2014: 166/85; August 20, 2014: 173/82; April 22, 2015: 169/77; November 9, 2015: 161/76. The current blood pressure readings at the time of the examination in April 2016 were: 170/79, 176/80, and 173/78. 

Based on the foregoing evidence, the Board finds that a 10 percent evaluation throughout the appeal period is warranted for the Veteran's hypertension. Since military service, the Veteran has been shown to be taking medication for treatment and control of his hypertension. Despite the medication, the Veteran still has regular systolic readings over 160. 

However, an evaluation greater than 10 percent for the Veteran's hypertension is not warranted as the evidence of record does not demonstrate that his diastolic blood pressure is predominantly 110 or more or that his systolic blood pressure is predominantly 200 or more. Such a conclusion is borne out by the above noted evidence. In short, the Board finds that the Veteran's disability picture more closely approximates the criteria for a 10 percent disability rating, but no higher. 38 C.F.R. §§ 4.7, 4.104, Diagnostic Code 7101. In so reaching that conclusion, the Board has appropriately applied the benefit of the doubt doctrine in this case. 38 U.S.C. § 5107(b) (West 2014); 38 C.F.R. § 3.102; Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990). 


ORDER

Entitlement to a disability evaluation of 10 percent, but no higher, for hypertension is granted. 



REMAND

In order to adhere to the directives laid out by the Board in its March 2016 decisions for the Veteran's claim for an increased rating for bilateral hearing loss, the Board concludes that further evidentiary development is necessary. 

The Veteran underwent audiological testing in December 2015. The available medical records in the Veteran's electronic claims file indicate that puretone audiometric testing was done but the relevant numbers or charts are not associated with the testing results. In the March 2016 decision the Board requested that the RO upload these results. The RO uploaded the same audiological summary already associated with the record. Thus, the Board finds that there has not been substantial compliance with the March 2016 remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 

Accordingly, the case is REMANDED for the following action:

1. Obtain the audiometric puretone testing results or related graphical chart associated with the December 2015 VA audiological consultation. If this chart or numerical measurement does not exist, associate a negative finding memorandum with the electronic claims file. 

2. After undertaking any necessary additional development, readjudicate the disability issues remaining on appeal. If the benefits sought on appeal remain denied, in whole or in part, the Veteran and his representative must be provided with a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond. The case should then be returned to the Board for further appellate review, if otherwise in order. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (West 2014).



____________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs